UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRIOT SERVICES GROUP
LOUISIANA, INC.

VERSUS                                              **Case No:** 2:22-cv-01025

LUXOR CONTRACTING GROUP, INC.
and LUXOR BUILDING GROUP, LLC

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Luxor

Contracting Group, Inc. and Luxor Building Group, LLC ("Defendants"), who answer the Third

Amended Complaint (hereinafter referred to as the "Complaint") filed by Plaintiff, Patriot

Services Group Louisiana, Inc., ("Plaintiff"), in correspondingly numbered paragraphs as

follows:

PARTIES, JURISDICTION, AND VENUE

1.

Defendants admit that jurisdiction is proper in this Court, but otherwise deny the

allegations in Paragraph 1 of the Complaint.

2.

Defendants are without sufficient knowledge or information to form a belief as to the

truth of the allegations, and therefore deny the allegations in Paragraph 1 of the Complaint.

3.

Defendants admit the allegations of Paragraph 2 of the Complaint.

4.

Defendants admit the allegations of Paragraph 3 of the Complaint.

5.

Defendants admit that they have consented to venue in the United States District Court for the Eastern District of Louisiana, but otherwise deny the allegations in Paragraph 4 of the Complaint.

<u>BACKGROUND INFORMATION</u>

6.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the allegations in Paragraph 5 of the Complaint.

7.

Defendants deny the allegations of Paragraph 6, including subsections (a) through (c), of the Complaint.

8.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the allegations in Paragraph 7 of the Complaint.

9.

Defendants deny the allegations of Paragraph 8 of the Complaint.

10.

Defendants deny the allegations of Paragraph 9 of the Complaint.

11.

Defendants deny the allegations of Paragraph 10 of the Complaint.

12.

Defendants deny the allegations of Paragraph 11, including subsections (a) through (g), of the Complaint.

13.

Defendants deny the allegations of Paragraph 12 of the Complaint.

14.

Defendants deny the allegations of Paragraph 13 of the Complaint.

15.

Defendants deny the allegations of Paragraph 14 of the Complaint.

16.

Defendants deny the allegations of Paragraph 15 of the Complaint.

17.

Defendants deny the allegations of Paragraph 16 of the Complaint.

18.

Defendants deny the allegations of Paragraph 17 of the Complaint.

19.

Defendants deny the allegations of Paragraph 18 of the Complaint.

20.

Defendants deny the allegations of Paragraph 19 of the Complaint.

21.

Defendants deny the allegations of Paragraph 20 of the Complaint.

22.

Defendants deny the allegations of Paragraph 21 of the Complaint.

23.

Defendants deny the allegations of Paragraph 22 of the Complaint.

24.

Defendants deny the allegations of Paragraph 23 of the Complaint.

25.

Defendants deny the allegations of Paragraph 24 of the Complaint.

26.

Defendants deny the allegations of Paragraph 25 of the Complaint.

27.

Defendants deny the allegations of Paragraph 26 of the Complaint.

28.

To this extent this Paragraph 27 of the Complaint is deemed to contain any factual allegations, Defendants deny them.

COUNT I: Rescission
(as to all Defendants)

29.

Defendants reallege and incorporate all responses set forth in Paragraphs 1 through 28 as if fully restated herein.

30.

Defendants deny the allegations in Paragraph 28 of the Complaint.

31.

Defendants state that La. C.C. art. 1948 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

<u>Fraud</u>

32.

Defendants state that La. C.C. art. 1953 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

33.

Defendants state that La. C.C. art. 1955 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

34.

Defendants deny the allegations of Paragraph 29, including subsections (a) through (c), of the Complaint.

35.

Defendants deny the allegations of Paragraph 30 of the Complaint.

36.

Defendants deny the allegations of Paragraph 31 of the Complaint.

37.

This paragraph contains conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations, Defendant denies the allegations of Paragraph 32 of the Complaint.

<u>Error</u>

38.

This paragraph contains conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations, Defendant denies the allegations of Paragraph 33 of the Complaint.

39.

Defendants state that La. C.C. art. 1949 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

40.

Defendants deny the allegations in Paragraph 34, and additionally state that La. C.C. art. 1949-50 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

41.

Defendants deny the allegations in Paragraph 35, and additionally state that La. C.C. art. 1949-50 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

42.

Defendants deny the allegations in Paragraph 36, and additionally state that the provisions of La. C.C. art. 1949-50 and La. C.C.P. art. 1952 speak for themselves, and any interpretations thereof that imply Defendants violated these statutes are denied.

<u>Damages</u>

43.

To the extent Paragraph 37 is deemed to contain any factual allegations, Defendants deny them, and additionally state that La. C.C. art. 1944, *et seq.* speaks for itself, and any interpretations thereof that imply that Defendant has violated this statute, or that Plaintiff is entitled to damages pursuant to this statute, are denied.

44.

To the extent Paragraph 38 is deemed to contain any factual allegations, Defendants deny them, and additionally state that La. C.C. art. 1955 speaks for itself, and any interpretations thereof that imply that Defendant has violated this statute, or that Plaintiff is entitled to damages pursuant to this statute, are denied.

45.

To the extent Paragraph 39 is deemed to contain any factual allegations, Defendants deny them, and additionally state that the provisions, and any corresponding comments, of La. C.C. art. 1995 and 1997 speak for themselves, and any interpretations thereof that imply that Defendant is in violation of these statutes, or that Plaintiff is entitled to damages pursuant to these statutes, are denied.

46.

Defendants deny the allegations in Paragraph 40, including subsections (a) through (f), of the Complaint.

47.

To the extent Paragraph 41 of the Complaint is deemed to contain any factual allegations, Defendants deny them, and further state that La. C.C. art. 1958 speaks for itself, and any interpretations thereof that imply that Defendants are in violation of the statute, or that Plaintiff is entitled to damages pursuant to the statute, are denied.

COUNT II: Absolute Nullity
(as to all Defendants)

48.

Defendants reallege and incorporate all responses set forth in Paragraphs 1 through 28, as if fully restated herein.

49.

Defendants state that La. R.S. § 37:2150, *et seq.* speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

50.

Defendants state that La. R.S. § 37:2160(A)(1) speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

51.

Defendants state that La. C.C. art. 2030 speaks for itself, and any interpretations thereof that imply Defendants violated the statute are denied.

52.

Defendants deny the allegations of Paragraph 42 of the Complaint.

53.

Defendants state that La C.C. art. 2033 speaks for itself, and any interpretations thereof that imply that Plaintiff is entitled to the relief sought in Paragraph 43 are denied.

54.

Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 44 of the Complaint.

<u>COUNT III: Failure to Perform and Bad Faith Breach of Contract</u>
<u>(as to all Defendants)</u>

55.

Defendants reallege and incorporate all responses set forth in Paragraphs 1 through 28, as if fully restated herein.

56.

Defendants deny the allegations in Paragraph 45 of the Complaint.

57.

Defendants deny the allegations of Paragraph 46 of the Complaint.

58.

Defendants deny the allegations of Paragraph 47 of the Complaint, including subsections (a) through (c).

59.

Defendants deny the allegations of Paragraph 48 of the Complaint.

60.

Defendants deny the allegations of Paragraph 49 of the Complaint.

61.

Defendants deny the allegations of Paragraph 50 of the Complaint, and further state that La C.C. art 1997 speaks for itself, and any interpretations thereof that imply Defendants are in violation of the statute, or that Plaintiff is entitled to any relief thereunder, are denied.

62.

Defendants deny the allegations of Paragraph 51 of the Complaint, and further state that La C.C. art 199, and any comment thereto, speaks for itself, and any interpretations thereof that imply Defendants are in violation of the statute, or that Plaintiff is entitled to any relief thereunder, are denied.

63.

Defendants deny the allegations of Paragraph 52 of the Complaint, including subsections (a) through (e).

<u>COUNT IV: Conversion</u>
<u>(as to all Defendants)</u>

64.

Defendants reallege and incorporate all responses set forth in Paragraphs 1 through 28, above, as if fully restated herein.

65.

This paragraph contains conclusions of law to which no response is required. To the extent Paragraph 53 of the Complaint is deemed to contain any factual allegations, Defendants deny them.

66.

Defendants deny the allegations of Paragraph 54 of the Complaint.

67.

This paragraph contains conclusions of law to which no response is required. To the extent Paragraph 55 of the Complaint is deemed to contain any factual allegations, Defendants deny them.

68.

Defendants deny the allegations of Paragraph 56 of the Complaint.

<u>COUNT V: Unjust Enrichment</u>
<u>(as to all Defendants)</u>

69.

Defendants reallege and incorporate all responses set forth in Paragraphs 1 through 28, above, as if fully restated herein.

70.

Defendants state that La C.C. art. 2298 speaks for itself, and any interpretations thereof that imply that Defendants have violated the statute, or that Plaintiff is entitled to any relief provided thereunder, are denied.

71.

Defendants deny the allegations of Paragraph 57 of the Complaint.

72.

Defendants deny the allegations of Paragraph 58 of the Complaint.

73.

Defendants deny the allegations of Paragraph 59 of the Complaint.

74.

Defendants deny the allegations of Paragraph 60 of the Complaint.

75.

Defendants deny the allegations of Paragraph 61 of the Complaint.

76.

Defendants deny the allegations of Paragraph 62 of the Complaint.

77.

Defendants deny the allegations of Paragraph 63 of the Complaint.

78.

Defendants deny the allegations of Paragraph 64 of the Complaint.

79.

Defendants deny the allegations of Paragraph 65 of the Complaint.

COUNT VI: Alter Ego/Single Business Enterprise
(as to all Defendants)

80.

Defendants reallege and incorporate all responses set forth in paragraphs 1 through 28, above, as if fully restated herein.

81.

To the extent this paragraph is deemed to contain any factual allegations, Defendants deny them, and further state that Louisiana law speaks for itself, and any interpretations thereof that imply Defendants are alter egos, or that Defendants should be treated as disregarded entities, are also denied.

82.

To the extent this paragraph is deemed to contain any factual allegations, Defendants deny them, and further state that Louisiana law speaks for itself, and any interpretations thereof that imply Defendants are alter egos, or that Defendants should be treated as disregarded entities, are also denied.

83.

To the extent this paragraph is deemed to contain any factual allegations, Defendants deny them, and further state that Louisiana law speaks for itself, and any interpretations thereof that imply Defendants are alter egos, or that Defendants should be treated as disregarded entities, are also denied.

84.

Defendants admit that Defendants are roofing companies, and that David Bakovic manages and has an ownership interest in each Defendant entity, but otherwise deny the remaining allegations of Paragraph 66 of the Complaint, including subsections (a) through (c).

85.

Defendants deny the allegations of Paragraph 67 of the Complaint.

86.

Defendants deny the allegations of Paragraph 68 of the Complaint, and further deny that Plaintiff is entitled to the relief sought therein.

<u>COUNT VII: Violation of Unfair Trade Practices<br>and Consumer Protection Law.<br>(as to all Defendants)</u>

87.

Defendants reallege and incorporate all responses set forth in Paragraphs 1 through 28, above, as if fully restated herein.

88.

This paragraph contains conclusions of law to which no response is required. To the extent this Paragraph 69 of the Complaint is deemed to contain factual allegations, Defendants deny them.

89.

Defendants state that La R.S. § 51:1405 and § 51:1409(A) speak for themselves, and any interpretations thereof that imply Defendants have violated these statutes, or that Plaintiff is entitled to any relief provided thereunder, are denied.

90.

Defendants deny the allegations of Paragraph 70 of the Complaint.

91.

Defendants deny the allegations of Paragraph 71 of the Complaint.

92.

Defendants deny the allegations of Paragraph 72 of the Complaint.

93.

Defendants deny the allegations in Paragraph 73 of the Complaint, including subsections (a) through (e), and further deny that Plaintiff is entitled any relief sought by Plaintiff therein.

## PRAYER FOR RELIEF

In response to the unenumerated WHEREFORE paragraph following Paragraph 93, Defendants deny that Plaintiff is entitled to any relief sought therein, and further deny any factual allegations to the extent this paragraph is deemed to contain them.

## GENERAL DENIAL

All allegations not expressly admitted are denied.

## **AFFIRMATIVE DEFENSES**

**AND NOW**, further responding to the Complaint filed by Plaintiff, Defendants assert the following non-exclusive affirmative defenses:

## AFFIRMATIVE DEFENSE NO. 1

Plaintiff fails to state a claim against Defendants upon which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 2

Plaintiff's claims are barred because Defendants at all times acted in good faith.

## AFFIRMATIVE DEFENSE NO. 3

Plaintiff's action is barred due to the absence of one or more conditions precedent.

## AFFIRMATIVE DEFENSE NO. 4

Plaintiff's claims are barred, in whole or in part, by prescription, preemption, equitable estoppel, judicial estoppel, waiver, consent, and/or unclean hands.

AFFIRMATIVE DEFENSE NO. 5

Plaintiff's claims against Defendants are barred, in whole or in part, by the application of the following provisions in the contract attached to Plaintiff's Third Amended Complaint as "Exhibit A" (the "Contract"):

> This Agreement is subject to the credit pricing approval of the management of Company.
>
> ....
>
> This Agreement is contingent upon insurance company price and approval. This does not obligate the Customer or Luxor Building Group LLC in any way until it is approved by the Customer's Insurance Company and accepted by Luxor Building Group LLC.

AFFIRMATIVE DEFENSE NO. 6

If Plaintiff has failed to mitigate, minimize or avoid any alleged costs, loss or damages, as required by law, the failure to mitigate is pled in bar to, or diminution of, Plaintiff's recovery.

AFFIRMATIVE DEFENSE NO. 7

If it is proven that Plaintiff sustained damages, which is denied, then those damages resulted from an unforeseeable occurrence and/or intervening or superseding causes for which Defendants cannot be held responsible.

AFFIRMATIVE DEFENSE NO. 8

Plaintiff's claims against Defendants are barred, in whole or in part, to the extent any loss claimed by Plaintiff is caused by or resulted from the breach of contract, fault, negligence, want of due care, or other legal fault of Plaintiff or other parties for whose actions Defendants had no control and/or for whom Defendants are not otherwise responsible.

AFFIRMATIVE DEFENSE NO. 9

Defendants were not negligent or at fault in any way with respect to the damages alleged by Plaintiff.

## AFFIRMATIVE DEFENSE NO. 10

Plaintiff's claims against these Defendants are barred, in whole or in part, by failure of and/or no consideration.

## AFFIRMATIVE DEFENSE NO. 11

At all times pertinent, Defendants complied with all of its obligations set forth in any applicable contract or agreement between Defendants and any other party.

## AFFIRMATIVE DEFENSE NO. 12

Defendants affirmatively plead that the amounts claimed by Plaintiff are not due from Defendants under the terms of any contract and/or the law.

## AFFIRMATIVE DEFENSE NO. 13

Defendants plead the terms of any applicable contracts or agreements between the applicable parties as if copied here *in extensio*, including any and all rights and/or defenses available to these Defendants.

## AFFIRMATIVE DEFENSE NO. 14

Defendants affirmatively aver that they are not liable to Plaintiff for any damages whatsoever.

## AFFIRMATIVE DEFENSE NO. 15

Defendants expressly deny that Plaintiff is entitled to recover any amounts from Defendants, including, but not limited to the amounts set forth in the Complaint, interest, costs, and/or attorney's fees.

## AFFIRMATIVE DEFENSE NO. 16

Defendants owed no duty to Plaintiff, and, alternatively, to the extent any duty was owed, Defendants fully, properly, and faithfully performed and complied with all such duties.

<u>AFFIRMATIVE DEFENSE NO. 17</u>

To the extent that Defendants owed any duty or obligation for the benefit of Plaintiff, Defendants properly performed any and all such duties in the utmost good faith, in a good and workmanlike manner and, in accordance with, and pursuant to all applicable laws, regulations and ordinances.

<u>AFFIRMATIVE DEFENSE NO. 18</u>

Defendants expressly deny any allegation of breach of contract, negligence, fault, strict liability, intentional fault, fraud, conspiracy, derivative liability, or any other basis of liability.

<u>AFFIRMATIVE DEFENSE NO. 19</u>

Plaintiff has no cause of action against Defendants for *res ipsa loquitur*, which does not apply in this case where there is a plethora of evidence to prove or controvert the alleged negligence.

<u>AFFIRMATIVE DEFENSE NO. 20</u>

Defendants specifically plead all immunities permitted by law.

<u>AFFIRMATIVE DEFENSE NO. 21</u>

Defendants' liability, if any, which is specifically denied, is not *in solido* with any party, but would be based solely on any percentage of fault attributed to Defendants by the finder of fact.

<u>AFFIRMATIVE DEFENSE NO. 22</u>

Defendants affirmatively aver that they cannot be held liable for the acts of others under Louisiana's comparative fault regime, including articles 2323 and 2324 of the Louisiana Civil Code.

AFFIRMATIVE DEFENSE NO. 23

Plaintiff's alleged damages, if any, were caused or occasioned by fault, negligence, and/or contractual and/or statutory violations of parties or agents for which or for whom Defendants had no control or right of control and were not otherwise legally responsible, including but not limited to the Plaintiff or any other third party, and Defendants have no liability for any damages that resulted from or were caused by those other parties.

AFFIRMATIVE DEFENSE NO. 24

No act or omission of Defendants was a proximate, contributing, and/or substantial cause of any damage alleged by Plaintiff.

AFFIRMATIVE DEFENSE NO. 25

Any damages or losses allegedly sustained by Plaintiff are the result of its own negligence, fault, or breach of its duties under contract and/or at law and, as such, serve to bar or reduce any right of recovery.

AFFIRMATIVE DEFENSE NO. 26

In the event it is determined that Plaintiff is entitled to recover against Defendants, which is expressly denied, Plaintiff's recovery must be reduced by the percentage of fault attributable to Plaintiff or any person, whether a party to this litigation or not, including parties who are subject to bankruptcy protection from future litigation, as well as any party, co-defendant, or non-party with whom Plaintiff has compromised its alleged claims or may compromise its alleged claims in the future.

AFFIRMATIVE DEFENSE NO. 27

Defendants plead the defenses of vagueness, waiver, compensation, consent, accord and satisfaction, and settlement and release.

## AFFIRMATIVE DEFENSE NO. 28

In the event it is proven at trial that Defendants are in any way liable for any amount of damages, which is expressly denied, Defendants plead its right and entitlement to a credit and/or set-off for any and all amounts recovered by Plaintiff and/or any other person or entity, recoverable at any time and from any source whatsoever.

## AFFIRMATIVE DEFENSE NO. 29

Defendants allege that all of its actions were justified and undertaken in good faith, and in a manner wholly consistent with the law and applicable industry practices, in a good workmanlike manner and procedures as well as with the terms and conditions of the various contracts and agreements existing between the parties to this proceeding.

## AFFIRMATIVE DEFENSE NO. 30

Defendants plead the defenses of arbitration and award, error, estoppel, extinguishment of the obligation in any manner, failure of consideration, illegality, injury by servant, transaction or compromise, waiver, accord and satisfaction, and compensation.

## AFFIRMATIVE DEFENSE NO. 31

Defendants preserve and do not waive any of the affirmative defenses set forth in Article 1005 of the Louisiana Code of Civil Procedure or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

## AFFIRMATIVE DEFENSE NO. 32

The Third Amended Complaint does not describe the facts with sufficient particularity to enable Defendants to determine all defenses that may ultimately pertain to the claims asserted. Defendant hereby give notice that they intend to invoke any other defenses that may become

available or appear during the subsequent proceedings in this case and hereby reserve their right to amend this response to assert any such defense(s) prior to or at trial of this matter.

      **WHEREFORE**, Defendants, Luxor Contracting Group, Inc. and Luxor Building Group, LLC, pray that its answer be deemed good and sufficient and that after the completion of these proceedings, there be a judgment rendered in its favor and against Plaintiff, Patriot Services Group Louisiana, Inc., dismissing all of Plaintiffs' claims against Defendants with prejudice, assessing all costs against Plaintiffs, denying all requests for relief pleaded by Plaintiff against Defendants, and awarding all just and equitable relief to which Defendants may be entitled.

Respectfully submitted,

*/s/ Christopher K. LeMieux*
Christopher K. LeMieux (La. Bar No. 27838)
RIESS LEMIEUX L.L.C.
1100 Poydras Street, Suite 1100
New Orleans, Louisiana 70163
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
CLeMieux@RLLaw.com


*/s/ Jesse I. Unruh*
Jesse I. Unruh (Fl. Bar No. 93121)
*Admitted Pro Hac Vice*
Alyssa Castelli (Fl. Bar No. 1032306)
*Admitted Pro Hac Vice*
SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
Telephone: (407) 494-0135
filings@spirelawfirm.com

***Attorneys for Luxor Contracting Group, Inc and Luxor Building Group, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 23rd day of June 2022, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for all parties.

*/s/ Christopher K. LeMieux*
Christopher K. LeMieux
